TEODORO CAPÓ, Plaintiff and Appellant, *v.* HEIRS OF FELIPE RIVERA ZAYAS, ETC., Defendants and Appellees.

No. 6279. Argued June 1, 1934.—Decided November 15, 1934.

*Víctor M. Pons* for appellant. *J. Henri Brown, C. Ruiz Nazario, G. E. González* and *G. Benítez Gautier* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The purpose of this suit is to declare a mortgage debt due and to recover the same. Judgment was rendered on the pleadings in favor of defendant.

The complaint is based on the fact that prior to June 12, 1931, Felipe Rivera Zayas, married to Concepción Mendoza, received from plaintiff $800 as a loan and by a public deed executed on said date he bound himself personally and as attorney-in-fact of his wife, to return the loan on June 12, 1933, and to pay interests at the rate of 10 per cent per annum payable semi-annually.

To secure said obligation, Rivera agreed to constitute and in effect "executed" a first mortgage on a rural property composed of 10 *cuerdas,* situated in the Ward Pasto of the Municipal District of Aibonito, which property is duly described, but plaintiff could not record said mortgage because although it was stated in the deed that the property was recorded, it later resulted that it was not recorded in favor of the debtor nor of any other person, and hence plaintiff was deprived of the security agreed upon.

Plaintiff requested Rivera first and his heirs later to record the property, but they had failed to do so when the complaint was filed on May 13, 1932.

Plaintiff prayed that the loan be declared due and that defendants be compelled to pay the same, plus interests and costs.

Defendants demurred to the complaint on the ground that it did not state sufficient facts to constitute a cause of action, that there was a defect of parties defendant and that the complaint was ambiguous, unintelligible and vague.

After hearing both parties, the court, in a reasoned opinion overruled the demurrer on the grounds of defect of parties defendant and ambiguity, and sustained it on the ground that the complaint did not state sufficient facts to constitute a cause of action, and granted plaintiff 10 days to amend his complaint. Plaintiff did not do so and on December 16, 1932, judgment was rendered dismissing the complaint and taxing plaintiff with costs.

Plaintiff was notified, and he appealed, assigning in his brief the commission of three errors, by the court in declaring that the complaint did not state sufficient facts to constitute a cause of action "in the absence of an allegation that the property could not be recorded or of fraud in the execution of the deed or that plaintiff had been induced to commit error in accepting the security," in rendering judgment later against plaintiff on the same grounds and in taxing him with costs.

Plaintiff admits that at present his appeal is academic because the obligation claimed in accordance with its very terms became due on June 12, 1933, but he maintains that it is necessary to discuss and decide the appeal on its merits because he was taxed with costs. And it is so in effect.

■■ The first two errors involve the same question, and if it is concluded that they were committed, it will not be necessary to consider the third.

In support of his opinion the district judge said:

"According to the brief filed by plaintiff, he bases his action on Subdivision 2 of Section 1082 of the Civil Code (ed. of 1930) which reads:

" 'The debtor shall lose all right to profit by the period: (2) If he does not give to the creditor the guaranties stipulated.'

"An examination of the deed mentioned in the complaint, which appears in the record, shows that it contains a clause which states that the property is free of liens and encumbrances, and that the title of ownership of the same has been obtained and recorded in the Registry of Property of Guayama. The parties discuss extensively in their briefs the extent of all the Subdivisions of Section

1082 of the Civil Code, *supra*. But in accordance with the allegations of the complaint, the Subdivision cited which is number 2 is applicable. In reality, there is no allegation in the complaint that the property was transferred or some lien has been constituted on the same, which may affect the security and declare the obligation due, as requested. On the contrary, it is alleged that the mortgage was executed, but that it has not been possible to record it. There is no allegation of fraud in the execution of the deed, nor is the contract attacked by an allegation of deceit or violence. The truth is that the parties accepted the deed in the manner drawn up, and the fact that later it was not recorded, does not mean that the same can not be recorded, as it is not alleged in the complaint that the property does not exist nor the impossibility of defendants to record the same in the Registry of Property. The allegations of the complaint would be sufficient if the purpose of the action was to compel defendants to record the property; but its object is to declare an obligation due, which is duly secured, although the mortgage given as security was not recorded.

"In the absence of the allegations to the effect that the property can not be recorded or that there was fraud or deceit in the execution of the deed, or that plaintiff was induced to commit an error when accepting the security, the complaint does not state sufficient facts to authorize the remedies requested."

Appellant maintains that he claimed only the right recognized by Section 1082 of the Civil Code, Ed. 1930, Subdivision 2, and that the only requirement for the application of said Section is the failure of the debtor to actually and effectively give the securities which he promised, and as the allegation was made in the complaint that the mortgage deed executed could not be recorded, because the mortgaged property was not recorded, and the debtor failed to do so in spite of a request to that effect, it is clear that it states sufficient facts to conclude that the debtor did not execute in favor of the creditor the security which he agreed to give and hence he has, in accordance with an express mandate of the law, no right to utilize the period, and it is not necessary to consider and decide whether or not the property could be recorded, or whether there was fraud or deceit

in the execution of the deed or the plaintiff was induced to error in accepting the security.

After a careful consideration of the facts and the law we believe that plaintiff is correct.

In accordance with Section 146 of the Mortgage Law in order to give validity to voluntary mortgages it is necessary that they be constituted in a public deed and that the same be recorded in the registry, and Section 1776 of the Revised Civil Code provides that in order that the mortgage be validly constituted the document by which it is constituted must be recorded in the registry of property.

The contract in question here was executed upon the basis of a mortgage security executed by the debtor. The latter complied with the first requisite, the execution of the deed, but not with the latter, its record in the registry.

We do not decide that it is the duty of the debtor to record the lien in the registry, but we do hold that if the debtor agrees to secure the debt with a mortgage, his agreement implies that of placing the creditor in a condition to record the mortgage at least, so that it will be validly constituted.

And a debtor who in the mortgage deed states that the property is recorded and it later results that it is not, and when requested to make the record, fails to do so, in our opinion does not give the creditor the security stipulated, and loses thereby by said fact all rights to profit by the period.

"A mortgage deed not recorded in the registry of property, is nothing more than a personal written credit," this Court said in *Fernández* v. *Roig*, 2 P.R.R. 50. And although it is true that several of our decisions have recognized the real effect which mortgages as the one in this case have, *Hidalgo* v. *García de la Torre*, 4 P.R.R. (2d. ed.) 64, *Banco Territorial* v. *Vidal* 2 P.R.R. 231, *Vélez* v. *Camacho et al.*, 8 P.R.R. 35, *Solá* v. *Morera et al.*, 7 P.R.R. 7, *Fernández* v. *Márquez & Co. et al.*, 3 P.R.R. (2d. ed.) 200, in none of them

610

was it said that the mortgage is totally and validity constituted without registration.

The judgment appealed from must be reversed and another rendered overruling the demurrer and allowing defendants a reasonable time to answer the complaint.